UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                             Case No.: 17-16667-PGH

EDUARDO SALAS HERRERA                      Chapter 11

      Debtor.
_____/

## SUPPLEMENT TO MOTION TO CONVERT OR DISMISS CASE, OR ALTERNATIVELY, FOR APPOINTMENT OF CHAPTER 11 TRUSTEE OR TERMINATE EXCLUSIVITY [ECF 49]

**(Hearing scheduled for November 2, 2017 at 9:30 a.m.)**

Creditors, Rancho Santa Teresita, LLC ("Rancho") and Purple Lane Farms, LLC ("Purple Lane"), by and through their undersigned counsel, file this *Supplement* in further support of their request that the Court convert or dismiss this Chapter 11 case and would show the Court as follows:

**PRELIMINARY STATEMENT**

1.       Creditors Rancho and Purple Lane filed *their Motion to Convert or Dismiss Case, or Alternatively, for Appointment of Chapter 11 Trustee or Terminate Exclusivity* [ECF No. 49] (the "*Motion to Convert*") on September 29, 2017. The Court has scheduled a hearing upon the *Motion to Convert* for November 2, 2107, at 9:30 a.m.

2.       In their *Motion to Convert,* Creditors Rancho and Purple Lane argue that conversion of this Chapter 11 case is warranted and appropriate as Debtor's financial disclosures evidence no ability on the Debtor's part to confirm a plan, either under a liquidation and best interests of creditors analysis or a disposable income analysis. Creditors also point out that the Debtor's failure at the time to file any monthly operating reports is an independent ground for conversion.

3.       Since the filing of the *Motion to Convert*, the Debtor filed on October 4, 2017, four

monthly reports covering the period May 26, 2017 through August 25, 2017 [ECF Nos. 54-57], and a fifth report covering the period August 25, 2017 through September 25, 2017 [ECF No. 66] on October 19, 2017. These monthly reports only confirm that the Debtor neither has the income nor is engaged in any business around which he can rehabilitate himself or confirm a plan. The "Schedule(s) of Household Cash Receipts and Disbursements" included in the first four reports reflect total income of approximately $11,100 during a three month period. The Debtor's September report reflects $11.99 in "refund" and $7,500 in "parental" contribution, meaning that during the period August 25, 2017 through September 25, 2017, the Debtor engaged in no activity which generated income.

4. Since the filing of the *Motion to Convert*, on October 12, 2017, the Debtor also has filed his *Debtor's Motion to Extend the Exclusive Right to File a Plan and Solicit Acceptances* [ECF No. 62] (the "*Motion to Extend*"). The Debtor's admissions in his *Motion to Extend* are dispositive of Creditors' *Motion to Convert* and demonstrate why this Chapter 11 case should be converted.

5. Specifically, in this *Motion to Extend*, the Debtor readily concedes that his ability to propose and confirm a plan of reorganization is entirely dependent on the success of Debtor's recently filed Adversary Proceeding (Adv. 17-16667-PGH) against Purple Lane, Christina and Gary Plichta and Kathleen Moceri, stating the following:

- "Until the adversary proceeding is resolved and the transfer avoided, the Debtor will have difficulty demonstrating the feasibility of any plan it proposes that relies on the income stream from the horse farm as a means of providing distributions to creditors." *Motion to Extend* at p. 1.

- "The Debtor requires the resolution of the adversary proceeding to confirm a plan of reorganization and satisfy the feasibility requirement under § 1129 of the Bankruptcy Code." *Motion to Extend* at p. 4. ¶ 12.

- "Subject to the avoidance of the transfer by the Debtor of 55% of his interest in Rancho to Purple Lane, the Debtor will be in a position to satisfy any financing needs the Debtor may have with respect to the satisfaction of the mortgage on the Ranch that is currently subject to avoidance." *Motion to Extend* at p. 4. ¶ 12.

6. As discussed below, the courts are nearly uniform in holding that conversion or dismissal of a Chapter 11 case to a case under Chapter 7 is warranted where a debtor's ability to propose and confirm a plan of reorganization is predicated on the hope of prevailing in a filed or yet to be filed adversary proceeding or other litigation. In this Chapter 11 case, as the Debtor readily concedes that his ability to propose and confirm a plan is entirely dependent on prevailing in the Adversary Proceeding, further proceedings in Chapter 11 are fruitless and this case should be converted to Chapter 7. A Chapter 7 Trustee can assess the merits of the claims asserted in the Adversary Proceeding and make an independent decision on which claims, if any, should continue to be prosecuted or potentially settled. The *Motion to Convert or Dismiss Case, or Alternatively, for Appointment of Chapter 11 Trustee or Terminate Exclusivity* should be granted by this Court on November 2, 2017 without the need for further hearings or discussion.

## LEGAL ANALYSIS

The case law is abundant, and mostly uniform across the country, that a debtor may not predicate his reorganization plan on the success of pending or yet to be filed litigation. *See, e.g., In re Slabbed New Media, LLC*, 557 B.R. 911, 917 (Bankr. S.D. Miss. 2016) (court denied confirmation and dismissed case finding that debtor's "possibility of recovery from the pending or as yet unfiled lawsuits in an amount sufficient to fund the plan within a reasonable time is at best highly speculative...."); *In re Plymouth Oil Co., LLC*, 2014 LEXIS 3278, * 8-9 (Bankr. N.D. Iowa 2014) ("Whatever the merits of the lawsuit...a reasonable likelihood of rehabilitation cannot rest on potential litigation alone."); *In re BH S&B Holdings*, LLC, 439 B.R. 342, 350 (Bankr. S.D.N.Y.

2011) (finding sufficient cause to convert case to Chapter 7, explaining that the "mere hope of prevailing on potential litigation claims is not a sufficient basis to defeat a showing of cause to convert."); *In re Strawbridge*, 2010 Bankr. LEXIS 544 (Bankr. S.D.N.Y. Mar. 5, 2010) (converting case from Chapter 11 to Chapter 7 based on denying debtor the opportunity to finance a reorganization plan through potential recovery on litigation claims pending in district court); *In re Domiano*, 442 B.R. 97 (Bankr. M.D. Pa. 2010) (rejecting debtors argument that an unspecified contingent litigation claim is the basis for "unusual circumstances" pursuant to § 1112(b)(2)); *In re FRGR Managing Member LLC*, 419 B.R. 576 (Bankr. S.D.N.Y. 2009) (debtor "cannot confirm a plan of reorganization in a timely fashion based solely upon its litigation claims . . . , whatever the ultimate merits of its claims"); *In re Corinthian, LLC*, 440 B.R. 97, 102-03 (Bankr. E.D. Pa. 2009) (dismissing case that had successful outcome "wholly dependent" on successful litigation); *In re Orienta Co-op. Ass'n*, 256 B.R. 508, 511-12 (Bankr. W.D. Okla. 2000) (ruling the case should be converted to Chapter 7 because ability to reorganize was "solely dependent" on substantial recovery in litigation); *In re Maggaro*, 84 B.R. 803, 805 (Bankr. M.D. Fl. 1988) (granting motion to dismiss Chapter 11 case where debtor's only hope of reorganization was based on a fraudulent transfer claim yet to be litigated).

The bankruptcy court's analysis of this issue in *In re FRGR Managing Member LLC*, 419 B.R. 576 (Bankr. S.D.N.Y. 2009) is particularly instructive. In *FRGR*, Bankruptcy Judge Martin Glenn surveyed the then pending decisional law in other courts, which he found "assail[ed] the ability of a chapter 11 debtor to reorganize when the sole or main asset is a litigation claim, dismissing or converting bankruptcy cases without fully probing the merits of the underlying litigation claim." *Id.* at 582. After surveying such law, Bankruptcy Judge Glenn granted a motion to convert filed by the Office of the U.S. Trustee, stating as follows:

> Applying the case law to this case the Court concludes that FRGR cannot confirm a plan of reorganization in a timely fashion based solely upon its litigation claims against Citigroup, whatever the ultimate merits of its claims. FRGR is correct that the mere fact that it is not engaged in an ongoing business is not alone a basis to grant the U.S. Trustee's motion. (See FRGR Opp. at 18-19) However, the Debtor's argument does not address its inability to otherwise fund a plan of reorganization. Nor does the Debtor address the possibility of ever completing a plan, with the possible exception of winning its litigation against Citigroup. Even if the Court could accept as true—which it does not—that FRGR may eventually be successful in its lawsuit, this still does not support denying the motion to convert the case to a case under chapter 7. The *Edwards* court, dealing with a similar situation, acknowledged that the claims that would be used to fund the plan were complex and the litigation would be "long and hotly contested." *Edwards, 1996 Bankr. LEXIS 847, 1996 WL 407253, at \*5*. The court there determined that the motion to dismiss or convert should be granted because any reorganization would not occur in a reasonable time. *1996 Bankr. LEXIS 847. [WL] at \*5*. The same is true here.

*Id.* at 584. Judge Glenn's analysis and decision in *In re FRGR Managing Member* has been cited approvingly by other courts. *See, e.g., In re Plymouth Oil Co., LLC,* 2014 LEXIS 3278; *In re BH S&B Holdings*, LLC, 439 B.R. 342.

Decided by Judge Paskay in 1988, *In re Maggaro*, 84 B.R. 803, is similarly instructive. Magarro had filed an individual Chapter 11 case. Creditor, Community Federal, which had foreclosed on certain property owned by the debtor and was seeking a deficiency judgment against the debtor, sought to dismiss the Chapter 11 as a bad faith filing. In opposition, the debtor argued that a plan was realistic in that he intended to set aside the foreclosure sale as a fraudulent transfer and then either operate or sell the property. *Id.* at 804 Although Judge Paskay found that the case was filed in bad faith, he also found grounds to dismiss on another basis.

> Moreover, the case should be dismissed pursuant to § 1112(b)(1) & (2) based on the apparent inability of the Debtor to effectuate a viable plan of reorganization. This Debtor is a wage earner who has no assets, and has no business to reorganize, his only hopes of reorganization is based on a lawsuit yet to be litigated and thus yet

> to be concluded in favor of the Debtor. As has been well recognized, proposing to fund a plan from a potential lawsuit is sufficient to compel the conclusion that any such plan is not feasible, which in turn would be "cause" warranting a dismissal of this Chapter 11 case pursuant to § 1112(b)(1) of the Bankruptcy Code. *In re Winshall Settlor's Trust*, 758 F. 2d 1136 (6th Cir. 1985).

*Id.* at 805.

This Chapter 11 case and confirmation of a plan is, by the Debtor's own admission, entirely predicated on "resolution of the adversary proceeding," "avoidance of the transfers by the Debtor of 55% of his interest in Rancho to Purple Lane," and "damages the Debtor recovers from Gary and Christina Plichta." *Motion to Extend* at p. 4, ¶ 12. Purple Lane and the Plichtas dispute both the factual and legal claims set forth in the Adversary and suggest that the Debtor's reckless inclusion of the mortgage holder on the real property owned by Rancho, Kathleen Moceri, as a defendant in the Adversary Proceeding could jeopardize Rancho's continued ownership of the property and will most likely cause the filing of a foreclosure action given that the loan from Kathleen Moceri has matured. What is abundantly clear, however, is that "a chapter 7 trustee would be in a better position to carefully evaluate the claim[s] and determine whether to pursue [them]." *In re Jensen*, 425 B.R. 105, 110 (Bankr. S.D.N.Y. 2010). Accordingly, this Chapter 11 case should be converted to Chapter 7 or dismissed.

Dated this 25th day of October, 2017.

                              Respectfully submitted,

**RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**
Attorneys for Purple Lane Farms, LLC, individually and as manager of Rancho
101 N.E. 3rd Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:    (954) 462-8000
Facsimile:    (954) 462-4300

By:    /s/Kenneth B. Robinson
      **CRAIG A. PUGATCH**
      Florida Bar No.:  653381
      capugatch@rprslaw.com
      **KENNETH B. ROBINSON**
      Florida Bar No.: 559474
      krobinson@rprslaw.com

-and-

**AARON R. RESNICK, ESQ.**
Florida Bar No. 141097
**LAW OFFICES OF AARON RESNICK, P.A.**
Attorneys for Rancho Santa Teresita
New World Tower, Suite 1607
100 North Biscayne Boulevard
Miami, Florida 33132
Telephone (305) 672-7495
**Primary Email: aresnick@thefirmmiami.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF to those parties receiving electronic service via this method; and via U.S. Mail to all parties listed on the attached Service List on the 25th day of October, 2017.

/s/*Kenneth B. Robinson*
**KENNETH B. ROBINSON**

```
Label Matrix for local noticing          Mercedes-Benz Financial Services USA LLC    Ally Financial
113C-9                                    c/o BK Servicing LLC                        PO Box 130424
Case 17-16667-PGH                         PO Box 131265                               Roseville, MN 55113-0004
Southern District of Florida              Roseville, MN 55113-0011
West Palm Beach
Wed Aug 16 15:28:30 EDT 2017

Ally Financial                            Capial One                                  Capital One
Payment Processing Cengter                NGI                                         3451 Harry Truman Blvd.
P.O. Box 78234                            P.O.  Box 390846                            Saint Charles, MO 63301-4047
Phoenix, AZ 85062-8234                    Minneapolis, MN 55439-0846


Capital One Bank (USA), N.A.              Citibank Black Card                         Citibank Blue Card
PO Box 71083                              P.O. Box 688923                             P.O. Box 688923
Charlotte, NC  28272-1083                 Des Moines, IA 50368-8923                   Des Moines, IA 50368-8923




Home Depot Citibank Card                  Internal Revenue Service                    Juan Carlos Garcia
4740 121 street                           c/o Specialized Insolvency Procedures       328-601 Polanco C.P
Callender, IA 50523                       P.O. Box 7346                               Mexico Cuidad de Mexico
                                          Philadelphia, PA 19101-7346



Kathleen Morceri                          Marc Brandes                                Mercedez Benz Financial Services
3417 South Century Oak Circle             Kurkin Forchard & Brandes LLP               13650 Heritgage Parkway
Oakland, MI 48363-2642                    18851 NE 29 Ave #303                        Fort Worth, TX 76177-5323
                                          Miami, FL 33180-2813



Nicolas Salas and Teresita Herrera        Office of the US Trustee                    Palm Beach Equine Clnic, LLC
Guatemala #32                             51 S.W. 1st Ave.                            13125 Southfileds Rd
Colonia Centro Historica                  Suite 1204                                  Wellington, FL 33414-7297
Ciudad de Mexico, Mexico 06000            Miami, FL 33130-1614



Purple Lane Farms, LLC                    Rancho Santa Teresita                       Ricardo Nizri
c/o Aaron Resnick, P.A.                   10655 Versailles Blvd                       100 South Pointe Drive
100 S. Biscayne Blvd., Suite 1607         Wellington, FL 33449-8088                   Apt. 801
Miami, FL 33131-2021                                                                  Miami Beach, FL 33139-7366



V.A. Leasing Corp                         Eduardo F Salas Herrera                     Nicholas B. Bangos Esq.
2100 NW 82 Ave                            12126 Indian Mound Rd                       2925 PGA Blvd
Miami, FL 33122-1507                      Lake Worth, FL 33449-8206                   Suite 204
                                                                                      Palm Beach Gardens, FL 33410-2909




              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)West Palm Beach                        (d)Mercedes-Benz Financial Services USA LLC    End of Label Matrix
                                          c/o BK Servicing, LLC                          Mailable recipients    23
                                          PO Box 131265                                  Bypassed recipients     2
                                          Roseville, MN 55113-0011                       Total                  25
```