UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                Case No.: 17-16667-PGH

EDUARDO SALAS HERRERA                                 Chapter 11

    Debtor.
_____/

**CREDITORS' REPLY IN FURTHER SUPPORT OF MOTION TO CONVERT OR DISMISS CASE, OR ALTERNATIVELY, FOR APPOINTMENT OF CHAPTER 11 TRUSTEE OR TERMINATE EXCLUSIVITY [ECF 49]**

**(Hearing scheduled for November 2, 2017 at 9:30 a.m.)**

Creditors, Rancho Santa Teresita, LLC ("Rancho") and Purple Lane Farms, LLC ("Purple Lane"), by and through their undersigned counsel, file this Reply in further support of their request that the Court convert or dismiss this Chapter 11 case, or alternatively, appoint a Chapter 11 Trustee [ECF No. 49] and in reply to Debtor's *Amended Response in Opposition to Motion to Convert* [ECF No. 70] ("Debtor's Response"), and would show the Court as follows:

**PRELIMINARY STATEMENT**

This Chapter 11 case was filed and is being "prosecuted" by an individual debtor who has little or no assets, has generated essentially zero income since the filing of this case or even years prior to such filing (which he exclusively blames on others), and whose ability to propose, much less confirm a plan, is not partially, but by the Debtor's own admission, solely and entirely dependent on the success of an adversary proceeding which is at its infancy, is presently the subject of motions to dismiss filed by all defendants and certainly will not be resolved anytime close to the March 2018 timeframe fantasized by the Debtor. Neither the Debtor's rehash of the baseless allegations set forth in his adversary complaint nor his counsel's inappropriate recitation of

"settlement" exchanges between counsel, can or should change this Court's finding that conversion of this case to Chapter 7 and the appointment of an independent Chapter 7 trustee is not only warranted as a matter of law, but in the best interests of the few non-insider creditors in this case.

## ARGUMENT

### 1. The Debtor Neither Has Assets Nor Income to Operate In Chapter 11 or to Propose a Confirmable Plan

The Court need only engage in a cursory review of the Debtor's Schedules and late filed monthly reports to determine that this Debtor has limited assets and no income with which to operate in Chapter 11 or propose and fund a confirmable plan. Attempting to lay blame elsewhere for his failure to earn any type of living during the last two years and certainly since he sought the protections of Chapter 11, the Debtor accuses Purple Lane and the Plichtas of denying him the ability to earn a living.[1] At the same time as he makes this baseless accusation, however, the Debtor nevertheless claims he has "recently obtained employment" and is "approaching the November to April horse season in Wellington, Florida where most of his annual revenue historically has been earned," (Debtor's Response at p. 13). Tellingly, the Debtor neither provides information as to this "employment" nor explains why the Court and creditors should believe that a debtor whom identified in his Schedules [ECF No. 18] possessing less than $1,000 in cash immediately after the last "peak season" miraculously will generate sufficient income to fund a plan of reorganization.

The Debtor in this Chapter 11 case has neither exhibited a willingness or ability to earn a

---

[1] The Debtor makes extensive reference to the tax returns which he filed in April, 2017 for tax years 2013 and 2014 and in October, 2017 for tax years 2015 and 2016. The Debtor claims that the 2013 and 2014 returns demonstrate that Rancho generated substantial revenue prior to Purple Lane's management and that such revenue substantially decreased for 2015 and 2016 after Purple Lane's management. What the Debtor does not advise the Court is that: (i) Rancho income for 2013, 2014 and most of 2015 (Rancho began management in October, 2015) included income from horse sales and riding lessons given by the Debtor, all of which exclusively remained available to the Debtor after Purple Lane began managing Rancho; and (ii) the availability of competing and more attractive horse stables grossly expanded by 2016, significantly and negatively affecting Rancho's ability to attract new tenants.

2

living nor demonstrated the financial ability to operate in Chapter 11 and independently propose and confirm a plan.[2] Rather, as set forth in Creditors' Supplement [ECF No. 67], the Debtor's game plan is simply to stand behind the protections afforded a chapter 11 debtor for as long as possible and using a football analogy, hope that his last gasp throw into the end zone with no time left miraculously is caught. This game plan does not warrant this Debtor being allowed to remain in Chapter 11 for one day longer than necessary and this case should be converted forthwith.

2. **A Chapter 11 Case Solely Predicated on Successful Litigation Cannot Stand**

Not even attempting to refute the undeniable fact that his ability to propose, much less confirm, a plan of reorganization is entirely dependent on litigation success, the Debtor attempts to make a fanciful distinction between his "avoidance claims" against Purple Lane and "recovery on the monetary claims against Gary and Christina Plichta." Debtor's Response at p. 15. According to the Debtor "trial of the avoidance action is simple" while "recovery on the monetary claims" will simply "supplement and expedite the distribution to legitimate creditors." *Id.*[3] While the Debtor would like nothing more than the Defendants in the Adversary Proceeding to confess judgment right now, the possibility of such occurring realistically does not exist. Thus, the creditors in this case, excluding the Debtor's parents and friends, are asked to wait upon a plan and

---

[2] The Debtor claims to have "at least three classes of impaired creditors who will accept the plan." Debtor's Response at pp. 13-14. Putting aside the question of whether the Debtor and his counsel have engaged in improper solicitation in violation of 11 U.S.C. §1125(b), a review of the Debtor's Schedules D, E and F do not reflect any possibility of such fact. Indeed, aside from the Moceri scheduled claim of $1.6 million, the next largest claims which the Debtor has scheduled [ECF No. 13] belong to Ricardo Nizri, who is believed to be the Debtor's close friend and possibly business partner, and his parents, Nicholas Salas and Teresita Herrera, both of whom would be insiders of the Debtor.

[3] Although the Debtor seeks in the adversary proceeding to avoid the mortgage on the real property owned by Rancho, the Debtor takes an entirely different position in Debtor's Response with respect to the very same mortgage. Perhaps convinced by the merits of the mortgage holder's motion to dismiss the specious claims asserted against her by the Debtor, the Debtor now suggests that once he is successful in the adversary proceeding on his avoidance claims against Purple Lane, he plans to "satisfy the mortgage with funds from a legitimate investor." Debtor's Response at p, 15. Ironically, this is exactly why the Debtor went to Purple Lane in 2015 which was to stave off foreclosure and find an investor to bail him out of the financial mess he made for Rancho, leaving Rancho unable to pay any of its bills, but for Purple Lane's investment.

the resolution, in several years, of the motions to dismiss now filed by all Defendants, discovery, resolution of motions for summary judgment, trial and appeals, and finally, the possibility that the Debtor will ultimately prevail at each stage of this process. Of course, during such process, creditors must also hope that Purple Lane will continue to make the monthly mortgage payments to Kathleen Moceri, who holds the mortgage on Rancho's property, and that Ms. Moceri will continue to accept such payments and not foreclose her mortgage despite the fact that the mortgage is well past its maturity date. That such a plan, as presented in this case, is not feasible is exactly why the courts in other cases throughout the country have held that a Chapter 11 case entirely predicated on litigation success cannot stand and should be converted to Chapter 7 or dismissed.

Not surprisingly, the Debtor argues that all of the cases cited by Rancho are "readily distinguishable." Debtor's Response at p. 12. According to the Debtor, none of the myriad of cases cited by Ranch and Purple Lane in their Supplement include willful and deliberate violations of the automatic stay or are so intertwined with claims in the adversary proceeding. *Id.* at pp. 12-13. Such analysis need not be performed by the Court, however. The merits of the contingent litigation are irrelevant as a plan predicated on such litigation is not feasible. *In re FRGR Managing Member, LLC*, 419 B.R. 576 (Bankr. S.D.N.Y. 2009) (debtor "cannot confirm a plan of reorganization in a timely fashion based solely upon its litigation claims . . . , whatever the ultimate merits of its claims"); *In re Maggaro*, 84 B.R. 803, 805 (Bankr. M.D. Fl. 1988) ("As has been well recognized, proposing to fund a plan from a potential lawsuit is sufficient to compel the conclusion that any such plan is not feasible, which in turn would be "cause" warranting a dismissal of this Chapter 11 case pursuant to § 1112(b)(1) of the Bankruptcy Code.").

## CONCLUSION

The Court is asked by an individual Chapter 11 debtor who could have asserted nearly the

4

identical claims asserted in his adversary proceeding in state court to allow him to remain in Chapter 11 for an indefinite period. Such request and the relief which this Court would need to grant is neither appropriate under governing decisional law nor by the undisputed facts before the Court. Conversion of this case to Chapter 7 or dismissal is warranted and should be ordered forthwith.

**Dated this 31st day of October, 2017.**

Respectfully submitted,

**RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**
Attorneys for Purple Lane Farms, LLC, individually and as manager of Rancho
101 N.E. 3rd Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:   (954) 462-8000
Facsimile:   (954) 462-4300

By:   /s/Kenneth B. Robinson
    **CRAIG A. PUGATCH**
    Florida Bar No.:  653381
    capugatch@rprslaw.com
    **KENNETH B. ROBINSON**
    Florida Bar No.: 559474
    krobinson@rprslaw.com

-and-

**AARON R. RESNICK, ESQ.**
Florida Bar No. 141097
**LAW OFFICES OF AARON RESNICK, P.A.**
Attorneys for Rancho Santa Teresita
New World Tower, Suite 1607
100 North Biscayne Boulevard
Miami, Florida 33132
Telephone (305) 672-7495
**Primary Email: aresnick@thefirmmiami.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF to those parties receiving electronic service via this method; and via U.S. Mail to all parties listed on the attached Service List on the 31st day of October, 2017.

*/s/Kenneth B. Robinson*
**KENNETH B. ROBINSON**

J:\WPDocs\5990.001 Purple Lane Farms\PLEADINGS\Motions\Reply in Further Support Conversion.docx

```
Label Matrix for local noticing        Mercedes-Benz Financial Services USA LLC   Ally Financial
113C-9                                 c/o BK Servicing LLC                       PO Box 130424
Case 17-16667-PGH                      PO Box 131265                              Roseville, MN 55113-0004
Southern District of Florida           Roseville, MN 55113-0011
West Palm Beach
Wed Aug 16 15:28:30 EDT 2017

Ally Financial                         Capial One                                 Capital One
Payment Processing Cengter             NGI                                        3451 Harry Truman Blvd.
P.O. Box 78234                         P.O. Box 390846                            Saint Charles, MO 63301-4047
Phoenix, AZ 85062-8234                 Minneapolis, MN 55439-0846


Capital One Bank (USA), N.A.           Citibank Black Card                        Citibank Blue Card
PO Box 71083                           P.O. Box 688923                            P.O. Box 688923
Charlotte, NC 28272-1083               Des Moines, IA 50368-8923                  Des Moines, IA 50368-8923



Home Depot Citibank Card               Internal Revenue Service                   Juan Carlos Garcia
4740 121 street                        c/o Specialized Insolvency Procedures      328-601 Polanco C.P
Callender, IA 50523                    P.O. Box 7346                              Mexico Cuidad de Mexico
                                       Philadelphia, PA 19101-7346



Kathleen Morceri                       Marc Brandes                               Mercedez Benz Financial Services
3417 South Century Oak Circle          Kurkin Forchard & Brandes LLP              13650 Heritgage Parkway
Oakland, MI 48363-2642                 18851 NE 29 Ave #303                       Fort Worth, TX 76177-5323
                                       Miami, FL 33180-2813



Nicolas Salas and Teresita Herrera     Office of the US Trustee                   Palm Beach Equine Clnic, LLC
Guatemala #32                          51 S.W. 1st Ave.                           13125 Southfileds Rd
Colonia Centro Historica               Suite 1204                                 Wellington, FL 33414-7297
Ciudad de Mexico, Mexico 06000         Miami, FL 33130-1614



Purple Lane Farms, LLC                 Rancho Santa Teresita                      Ricardo Nizri
c/o Aaron Resnick, P.A.                10655 Versailles Blvd                      100 South Pointe Drive
100 S. Biscayne Blvd., Suite 1607      Wellington, FL 33449-8088                  Apt. 801
Miami, FL 33131-2021                                                              Miami Beach, FL 33139-7366



V.A. Leasing Corp                      Eduardo F Salas Herrera                    Nicholas B. Bangos Esq.
2100 NW 82 Ave                         12126 Indian Mound Rd                      2925 PGA Blvd
Miami, FL 33122-1507                   Lake Worth, FL 33449-8206                  Suite 204
                                                                                  Palm Beach Gardens, FL 33410-2909
```

          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)West Palm Beach                     (d)Mercedes-Benz Financial Services USA LLC   End of Label Matrix
                                       c/o BK Servicing, LLC                         Mailable recipients    23
                                       PO Box 131265                                 Bypassed recipients     2
                                       Roseville, MN 55113-0011                      Total                  25
```